UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HERBERT H. HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-3516 |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMAND** |
| | ) | |

## COMPLAINT

Plaintiff, Herbert H. Hobbs, ("Plaintiff"), through his undersigned counsel, as and for his Complaint in this action against the Indiana Department of Corrections ("DOC"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory damages, liquidated damages, attorney fees and costs to redress Defendant's unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.,* as amended ("ADA").

2. Plaintiff claims that he was terminated because of his disabilities (alcoholism; Chronic Obstructive Pulmonary Disease ("COPD")).

3. Defendant's discriminatory termination of Plaintiff after learning about his disabilities - - was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's federally protected rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, as this action involves a federal question regarding the depravation of Plaintiff's rights under federal law. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §§ 12101, *et seq.,*

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Indiana.

## PARTIES

6. Plaintiff is a male citizen and resides in Anderson, Indiana.

7. Plaintiff is a qualified individual with a disability as defined by 28 U.S.C. § 12131, namely he is a recovering alcoholic and suffers from COPD, and said disabilities limits major life functions.

8. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes and was employed by DOC as a Corrections Officer.

9. Upon information and belief, at all times relevant herein, DOC is an agency of the State of Indiana with its principal place of business located at 302 West Washington Street, Room E-334, Indianapolis, Indiana.

## PROCEDURAL REQUIREMENTS

10. On or about April 14, 2016, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA. This discrimination charge arose out of the same facts alleged herein.

11. On or about October 3, 2016, Plaintiff received his Notice of Suit Rights from the EEOC. This action has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

12. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

13. Plaintiff, was employed as a Correctional Officer ("CO") at the DOC's facility located in Pendleton, Indiana.

14. On or about September 10, 2015, Plaintiff had reported to work at 5:30 a.m.

15. Plaintiff entered the prison through Security, received his work assignment for the day, spoke with his Sergeant, attended roll call, and then had spoken with other CO's, all without incident.

16. After roll-call, CO Hood accompanied Plaintiff to his work assignment without incident.

17. At 8:00 a.m., approximately two and one-half hours later, Plaintiff was brought to his Captain by his Sergeant. Plaintiff was asked by his Captain if he had been drinking, to which Plaintiff responded no.

18. DOC's Captain and Sergeant never articulated to Plaintiff any reasonable suspicion that he had consumed alcohol at work.

19. Plaintiff was directed by his Captain to submit to a test for the presence of alcohol in his system.

20. Plaintiff was transported to the testing facility by DOC Lieutenant Shaver, who stated to Plaintiff that he did not "smell" alcohol on the Plaintiff.

21. Upon arrival at the medical testing facility, Plaintiff was advised that he would be required to submit to a "breathalyzer test" for the presence of alcohol.

22. Plaintiff informed the testing technician that he had both recently consumed food and non-alcohol drink, *as well as* inform the technician that he suffered from COPD, both of which, would interfere with test results. Plaintiff was told by the technician that "he should have not consumed any food".

23. Plaintiff attempted to 'blow into the machine' three times and could not generate a sufficient volume of air to record an accurate result.

24. Plaintiff was informed by the technician that his failure to record an accurate result would be recorded as a "refusal".

25. On or about November 10, 2015, Plaintiff was discharged from employment for his failing his breathalyzer test.

## COUNT ONE

### (Violation of the ADA)

26. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

28. Defendant terminated plaintiff because of his disability in violation of the ADA.

29. Defendant has discriminated against Plaintiff in violation of the ADA by denying him equal terms and conditions of employment, including but not limited to, terminating his employment under the guise of a purported failed drug test, because of his disability, Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

30. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and pension benefits for which he is entitled to an award of monetary damages.

31. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the ADA for which Plaintiff is entitled to an award of liquidated damages

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A. Grant a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States and the State of Indiana;

B. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Grant an order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff, or in lieu of reinstatement front-pay;

D. Grant an award of compensatory damages in an amount to be determined at trial, plus pre-judgment interest, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. Grant an award of liquidated damages, plus pre-judgment interest, to compensate Plaintiff for harm to his personal reputation and loss of career fulfillment;

F. Grant an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

G. Grant an award to the Plaintiff for attorney fees and costs of this action; and

H. Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

Ss//John Robert Panico
John Robert Panico, IN Bar No. 24039-48
PANICO LAW LLC
Counsel for Plaintiff
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
jpanico@discriminationlawgroup.com